## THE STATE *v.* HOUGHTON, RANKIN & CO.

A non-resident member of a commercial firm established in New Orleans, may be taxed.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Isaac Johnson*, Attorney General, for the State. *Hamner* and *Hays*, for defendants. The judgment of the court was pronounced by

ROST, J. The defendants are a commercial firm, composed of three partners, one of whom resides in this city, where their business is transacted; the other two are non-residents, and have never been in Louisiana.

A tax of twenty dollars is claimed from each of the partners, at the suit of the State, under the 3d section of the 3d article of the Act of 1848, amending the Act to provide a revenue for the support of the Government of the State, passed in 1847.

The defendants appealed to the Fourth District Court, from a judgment rendered against them by a justice of the peace, and there set up the defence that the Act of 1848 was unconstitutional and void, so far as it imposed taxes on non-resident partners. This defence did not prevail in the court below, and the defendants have brought before us the issue which it presents.

It is urged in their behalf, that the power of the Legislature does not extend to the taxing of persons who do not enjoy, and never have enjoyed, the protection of our laws. This argument takes it for granted that the tax claimed is a tax upon the person, but the entire section, upon portions of which the State relies, clearly shows that the taxes to which it refers are imposed on the business or

---

* NOTE.—This case was decided in January, 1849, and is not reported.

function of the persons therein named. It provides for taxes on tavern and bil-liard-table keepers, managers of theaters, peddlers, slave-dealers, &c,, and im-poses unequal taxes on the business of each. If the statute imposing this tax left room for interpretation, we would feel disposed to believe that the Legisla-ture did not intend to apply it to non-resident partners; but the eighth paragraph of the section relied on, provides that every member of a commercial firm, whether he resides permanently or temporarily out of the State, shall pay the same tax as the resident partner. Although the tax, in this case, is not claimed under that specific paragraph, the rule applies clearly to both, and we cannot dis-regard such an expressed declaration of legislative will; nor is there any legal ground upon which a tax imposed on a function exercised here by a non-resident, through his partners or agents, can be declared unconstitutional.

The case of the *Second Municipality* v. *Corning*, was one of a tax imposed by the general council under the power granted to that body by an act of the Legislature to tax merchants, whether they were permanent or transient resi-dents of this city.

The partner taxed in that case, had never been in the State of Louisiana, and was neither a permanent or transient resident. We held, that the power of the general council to tax, should not be extended beyond the objects and persons specified in the act. 4th Ann. 408. In this case, the Legislature itself has im-posed the tax, and expressly subjected non-resident partners to the payment of it, on the ground, probably, that they equally exercised the functions of mer-chants here. Whether they are or not acting partners of the firms to which they belong, they are placed in the same situation as partners, *in commendam*, residing here would be.

Judgment affirmed, with costs.